Rabin, Acting P. J., Hopkins, Munder, Martuscello and Benjamin, JJ., concur.

ALEX YANCY, JR., as Administrator of the Estate of JOSEPH YANCY, Deceased, et al., Respondents, v. VIOLA CARTER et al., Appellants.—

Christ, P. J., Rabin, Munder, Martuscello and Latham, JJ., concur.

GEORGE B. VOETSCH et al., Respondents, v. MOUNT VERNON CONTRACTING CORP. et al., Appellants.—

Rabin, Acting P. J., Hopkins, Munder, Martuscello and Benjamin, JJ., concur.

(September 30, 1970)

In the Matter of MARVEC-ALL STATE, INC., Respondent, v. WILLIAM E. VINES et al., Constituting the Town Board of the Town of Clarkstown, Appellants, et al., Respondent.—

No opinion. Christ, P. J., Rabin, Latham and Benjamin, JJ., concur; Munder, J., dissents and votes to reverse the judgment insofar as appealed from and to remit the proceeding to the Special Term for a hearing on the question of petitioner's responsibility as a bidder on the sewer contract awarded by the appellant Town Board, with the following memorandum: On June 17,

1970, the appellant Town Board adopted a resolution accepting the lowest bid, one by petitioner, in connection with certain sewer construction work in the Town of Clarkstown. Five days later, however, on June 22, the contract was canceled by the Town Board and awarded to the next lowest bidder. This ostensibly controverts section 103 of the General Municipal Law. This proceeding followed and, upon oral argument by counsel and the submission by both sides, Special Term held that no hearing was necessary and directed, in effect, that the contract be reawarded to petitioner. In my view the record discloses one or more reasons to support the Town Board's conduct. First, it appears the board came upon information subsequent to its awarding the contract which indicated that petitioner may have been involved in kickback arrangements with public officials in New Jersey. If petitioner has in fact been guilty of illegal conduct elsewhere, this certainly would have a bearing on its "responsibility" to perform its work in Clarkstown (see *Matter of Kayfield Constr. Corp.* v. *Morris,* 15 A D 2d 373, 378). Second, in connection with its bid, petitioner submitted no financial statements of its own, but only of its parent corporation. It may be that, despite the low bid, petitioner is not financially stable enough to warrant the award. These issues should not have been determined summarily, as was done here, but only after a full hearing at which both sides would be put to their proof.